IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

JANET E. JORGENSEN and
CYNTHIA A. PHILLIPS,
    a married couple,
                    Plaintiffs,

    *versus*

MICHAEL MONTPLAISIR, in his official
    capacity as County Auditor of Cass
    County, North Dakota,
WAYNE STENEHJEM, in his official
    capacity as Attorney General of North
    Dakota,
RYAN RAUSCHENBERGER, in his
    official capacity as Tax Commissioner
    of North Dakota, and
JACK DALRYMPLE, in his official
    capacity as Governor of North Dakota,
                    Defendants.

CASE NO. 3:14-cv-00058-RRE-ARS

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS

Plaintiffs Janet E. Jorgensen ("Jan") and Cynthia A. Phillips ("Cindy") (together, "Plaintiffs"), by and through their attorneys, respectfully submit this memorandum in support of their Motion for Attorneys' Fees, Expenses, and Costs, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d). Based on this memorandum, the attached supporting materials, and the record in this case, Plaintiffs seek a total of $124,598.61 in fees, expenses, and costs.

## BACKGROUND AND PROCEDURAL HISTORY

On June 9, 2014, Plaintiffs filed a complaint seeking declaratory and injunctive relief overturning N.D. Const. art. XI, § 28; N.D. Cent. Code §§ 14-03-01 and 14-03-08;

and "any other sources of North Dakota law that exclude same-sex couples from recognition of marriages entered into in another jurisdiction" (collectively, the "marriage ban") and requiring recognition of same-sex couples' valid out-of-state marriages. (D.E. 1.)

Plaintiffs are two North Dakota women, Jan and Cindy, who have been in a loving, committed relationship for 22 years, and who legally married each other in Minnesota. Under 42 U.S.C. §§ 1983 and 1988, Plaintiffs sued four Defendants in their official capacity: Michael Montplaisir, County Auditor of Cass County; Wayne Stenehjem, Attorney General of North Dakota; Ryan Rauschenberger, Tax Commissioner of North Dakota; and Jack Dalrymple, Governor of North Dakota.

On June 17, 2014, Plaintiffs filed a motion for summary judgment, alleging that the marriage ban violates the due process and equal protection guarantees of the Fourteenth Amendment. (D.E. 13.) On July 2, 2014, Defendants Stenehjem, Rauschenberger, and Dalrymple filed a motion to dismiss. (D.E. 24.) On the same day, Defendant Montplaisir filed a memorandum joining the motion to dismiss. (D.E. 25.)

On January 20, 2015—after the motions to dismiss and for summary judgment were fully briefed by the parties—this Court stayed the case pending a decision from the U.S. Supreme Court in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). (D.E. 53.) On June 26, 2015, the Supreme Court issued its opinion in *Obergefell*, holding that the Fourteenth Amendment requires states to issue marriage licenses to same-sex couples and to recognize marriages lawfully entered into by same-sex couples in other jurisdictions. *See Obergefell*, 135 S. Ct. at 2607-08. Accordingly, the Supreme Court concluded that state

US.59807200.05

laws barring the licensing and recognition of the marriages of same-sex couples are unconstitutional and that all states must recognize marriages lawfully contracted by same-sex couples in other jurisdictions. *Id.*

On June 29, 2015, this Court issued an order granting Plaintiffs' motion for summary judgment, denying Defendants' motions to dismiss, and declaring N.D. Const. art. XI, § 28, and N.D. Cent. Code §§ 14-03-01 and 14-03-08 unconstitutional and invalid as applied to the marriages of same-sex couples. (D.E. 59.) As such, Plaintiffs are undoubtedly the prevailing parties in this case and now seek attorneys' fees, expenses, and costs for their success in this action.

## ARGUMENT

Plaintiffs filed this action alleging violations of 42 U.S.C. § 1983. (D.E. 1.) This Court granted Plaintiffs' motion for summary judgment and denied Defendants' motions to dismiss. (D.E. 59.) As a result, Plaintiffs are prevailing parties entitled to attorneys' fees. Congress has provided: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). Moreover, the United States Supreme Court has held that the enforcement of federal civil rights laws depends upon "private litigation as a means of securing compliance with the law." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968). Indeed, the purpose of providing for an award of such fees and expenses to prevailing parties is to encourage "'private litigants to act as 'private attorneys general' in seeking to vindicate the civil rights laws. . . . 'Congress depends heavily upon private

3

citizens to enforce the fundamental rights involved. The awards are a necessary means of enabling private citizens to vindicate these Federal rights.'" *Donnell v. United States*, 682 F.2d 240, 245 (D.C. Cir. 1982) (quoting S. Rep. No. 94-295 at 40 (1975), 1975 U.S.C.C.A.N. at 774, 807).

# I.   PLAINTIFFS ARE ENTITLED TO THE REQUESTED ATTORNEYS' FEES, EXPENSES, AND COSTS

## A.   *Plaintiffs Are Prevailing Parties*

The Supreme Court has held that civil rights parties are prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989) (quotation marks omitted); *Hanrahan v. Hampton*, 446 U.S. 754, 756-58 (1980). Plaintiffs here succeeded on *every* significant issue in litigation: This Court granted Plaintiffs' motion for summary judgment, declared the marriage ban "unconstitutional and invalid," and denied Defendants' motions to dismiss. (D.E. 59.) Plaintiffs are clearly the prevailing parties in this case.

## B.   *The Fees Sought by Plaintiffs are Reasonable*

Further, the fees that Plaintiffs seek are reasonable for litigation of this type and scope. An award of attorneys' fees is calculated using the lodestar method, which is determined by multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar "is presumed to be the reasonable fee." *Blum*, 465 U.S. at 897. It "includes most, if not all, of the relevant

4

factors constituting a reasonable attorneys' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986).

### 1.     Plaintiffs seek compensation for a reasonable number of hours

Plaintiffs request fees for a reasonable number of hours expended on this litigation. Plaintiffs' attorneys have substantial experience in cases involving the civil rights of gay and lesbian individuals and could therefore perform their duties more efficiently than counsel with less experience in this area of law. Lambda Legal is a national legal organization dedicated to achieving full recognition of the civil rights of lesbians, gay men, bisexuals, transgender people, and individuals living with HIV. Lambda Legal has been party counsel in numerous challenges to state laws banning same-sex couples from marriage, including in *Obergefell*.[1] Lambda Legal also was party

---

[1] *See also, e.g.*, *Robicheaux v. Caldwell*, 791 F.3d 616 (5th Cir. 2015) (holding Louisiana's marriage ban unconstitutional); *Sevcik v. Sandoval*, 771 F.3d 456 (9th Cir. 2014) (holding Nevada's marriage ban unconstitutional); *Baskin v. Bogan*, 766 F.3d 648 (7th Cir. 2014) (holding Indiana's marriage ban unconstitutional); *Bostic v. Schaeffer*, 760 F.3d 352 (4th Cir. 2014) (counsel for intervening appellee class of Virginia same-sex couples) (holding Virginia's marriage ban unconstitutional), *cert. denied sub nom. Rainey v. Bostic*, 190 L. Ed. 2d 140 (2014), *sub nom. Schaefer v. Bostic*, 190 L. Ed. 2d 140 (2014), and *sub nom. McQuigg v. Bostic*, 190 L. Ed. 2d 140 (2014); *McGee v. Cole*, 993 F. Supp. 2d 639 (S.D.W. Va. 2014) (holding West Virginia's marriage ban unconstitutional); *Condon v. Haley*, 21 F. Supp. 3d 572 (D.S.C. 2014) (holding South Carolina's marriage ban unconstitutional); *Conde-Vidal v. Garcia Padilla*, 54 F. Supp. 3d 157 (D.P.R. 2014), *rev'd, Conde-Vidal v. Ruis-Armendariz*, No. 14-2184 (1st Cir. July 8, 2015) (challenging Puerto Rico's marriage ban); *Majors v. Horne,* 14 F.Supp.3d 1313 (D. Ariz. 2014) (holding Arizona's marriage ban unconstitutional); *Lee v. Orr*, No. 13-cv-8719, 2014 WL 683680 (N.D. Ill. Feb. 21, 2014) (holding Illinois' marriage ban unconstitutional); *Gray v. Orr*, No. 13 C 8449, 2013 WL 6355918 (N.D. Ill. Dec. 5, 2013) (granting temporary restraining order to permit same-sex couple to marry); *Garden State Equal. v. Dow*, 82 A.3d 336 (N.J. Super. Ct. Law Div. 2013) (holding New Jersey's marriage ban unconstitutional); *Varnum v. Brien*, 763 N.W.2d 862 (Iowa 2009) (holding Iowa's marriage ban unconstitutional*); In re Marriage Cases*, 183 P.3d 384 (Cal. 2008)

counsel in *Romer v. Evans*, 517 U.S. 620 (1996), and *Lawrence v. Texas*, 539 U.S. 558 (2003), and *amicus* in *United States v. Windsor*, 133 S. Ct. 2675 (2013)—the leading Supreme Court cases redressing sexual orientation discrimination. Likewise, Faegre Baker Daniels LLP ("FaegreBD") has represented clients in numerous prior suits involving LGBT rights, including litigation regarding marriage rights, parental rights, and the rights of LGBT students. (*See* Ponto Decl. ¶¶ 4, 7, 8.)

In these circumstances, Plaintiffs seek compensation for the hours and legal work listed on the time sheets attached to the Declarations of Michael A. Ponto, Camilla Taylor, Karen Loewy, and Kyle Palazzolo. These fees pertain to work performed by Plaintiffs' attorneys throughout the course of this ligation, including but not limited to: preparing and filing a complaint, preparing and filing a motion for summary judgment, responding to Defendants' motions dismiss, and ultimately obtaining a favorable final judgment.

The time sheets offered by Plaintiffs show reasonable billing judgment. Plaintiffs' counsel coordinated so as to staff individual tasks at an appropriate level while drawing on the benefits of close collaboration in addressing and briefing complex constitutional issues. (*See, e.g.*, Ponto Decl. ¶ 11.) Moreover, counsel have edited their time entries so as to present a conservative fee—even though they believe all of the time billed was necessary and appropriate. (*See id.*) Plaintiffs do not seek any recovery for the time of

---

(holding California's marriage ban unconstitutional); *Baehr v. Lewin,* 852 P.2d 44 (Haw. 1993) (finding Hawaii's marriage ban discriminated based on sex); *Darby v. Orr*, No. 12-CH-19718 (Ill. Cir. Ct., Cook Cnty. Sept. 27, 2013) (challenging Illinois' marriage ban); *Inniss v. Aderhold*, ---F. Supp. 3d ----, No. 1:14-cv-01180-WSD, 2015 WL 300593 (N.D. Ga. Jan. 8, 2015) (holding Georgia's marriage ban unconstitutional).

Lambda Legal attorneys Kenneth Upton and Jon Davidson and FaegreBD attorney John Borger—who have the highest billing rates.

As reflected in the time records submitted herewith, Plaintiffs seek recovery for the following hours that their counsel worked on this case:

| Organization | Name | Hours |
|---|---|---|
| Lambda Legal | Camilla Taylor | 88.3 |
| | Karen Loewy | 78.5 |
| | Kyle Palazzolo | 107.9 |
| | Subtotal | 274.7 |
| FaegreBD | Michael Ponto | 18.1 |
| | Christopher Dolan | 28.0 |
| | Emily Chow | 47.2 |
| | Christiana Martenson | 4.2 |
| | Bradley Engelsma | 2.6 |
| | Rory Collins | 4.8 |
| | Patrick Lucke | 3.9 |
| | Subtotal | 108.8 |
| | TOTAL | 383.5 |

2.    **Plaintiffs seek reasonable hourly rates for their attorneys**

In addition, the hourly rates requested by Plaintiffs are reasonable in light of the importance and complexity of this case and the experience of the attorneys involved. "Fee awards must be structured so that attorneys of quality and experience with other profitable demands upon their time will not need to sacrifice income available in alternative enterprise in order to effect a public policy intended to protect all citizens." *Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993). Although courts may take the local legal market into account, "[t]o limit rates to those prevailing in a local community might have the effect of limiting civil rights enforcement to those communities where the rates are sufficient to attract experienced counsel." *Id.* Thus, rates

are not strictly limited to those common in the community where the case is filed. *See id.*; *Snider v. City of Cape Giradeau, Mo.*, 752 F.3d 1149, 1159-60 (8th Cir. 2014).

For example, the U.S. Bankruptcy Court for the District of North Dakota found that a Minneapolis law firm was entitled to be compensated at usual Minneapolis rates, even though such rates were in excess of rates typical for North Dakota law firms. *In re Robertson Cos.*, 123 B.R. 616, 619 (Bankr. D.N.D. 1990). The court explained: "The argument that [Minneapolis] attorneys should be restricted to an hourly rate typical for North Dakota attorneys is unduly parochial particularly in this age of national and regional law firms working on larger more complex . . . cases of more than local import." *Id.* More recently, the U.S. District Court for the Northern District of Iowa calculated attorneys' fees based on Minneapolis rates, not Iowa rates, where the plaintiffs hired Minneapolis attorneys for a civil rights case. *See Dorr v. Weber*, 741 F. Supp. 2d 1022, 1032-34 (N.D. Iowa 2010); *see also Planned Parenthood, Sioux Falls Clinic v. Miller*, 70 F.3d 517, 519 (8th Cir. 1995) (awarding attorneys' fees based on Chicago rates, rather than South Dakota rates, where the plaintiffs' attorneys were from Chicago and had specialized experience and expertise).

Given the importance and complexity of this action, Plaintiffs reasonably retained highly competent attorneys involved in the national legal effort to achieve marriage equality. As recognized by the Supreme Court, "the right to marry is a fundamental right inherent in the liberty of the person." *Obergefell*, 135 S. Ct. at 2604. Indeed, the significance of the issue presented by Plaintiffs—the duty of states to recognize the lawful marriages of same-sex couples performed out-of-state—is underscored by the

US.59807200.05

multitude of cases challenging marriage bans in the federal courts, the Supreme Court's decision to grant certiorari in *Obergefell*, and the public's awareness of *Obergefell* and its outcome. The sheer number of arguments in Defendants' motions to dismiss and opposition to Plaintiffs' motion for summary judgment evidences the difficult nature of the legal work required in this case.

As noted above, Plaintiffs' attorneys are experienced in advocating for LGBT rights, including under the U.S. Constitution. (*See* Ponto Decl. ¶¶ 4, 7, 8; Taylor Decl. ¶¶ 2, 4, 7; Loewy Decl. ¶ 4; Palazzolo Decl. ¶ 4.) Given this experience, the rates that Plaintiffs are seeking are more than justified.

Plaintiffs reasonably sought the assistance of Lambda Legal, which attempted to partner with North Dakota counsel, but was unsuccessful. (*See* Taylor Decl. ¶ 9.) Plaintiffs and Lambda Legal reasonably enlisted the help of FaegreBD, a national law firm with lawyers admitted in North Dakota and with which Lambda Legal had previously partnered in other LGBT civil rights cases. (*See* Ponto Decl. ¶ 3.)

The rates sought by Lambda Legal attorneys are below market as compared to the rates of attorneys with their experience and skill in Chicago and New York. *See, e.g.*, *Stephens v. Cirrincione*, No. 11-06354, 2012 WL 2872448, at *2 (N.D. Ill. July 11, 2012) (awarding hourly rate of $425 to Chicago attorney with 20 years' experience); *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 984 (N.D. Ill. 2012) (awarding hourly rate of $395 to Chicago attorney with 17 years' experience); *McDonough v. Briatta*, 935 F. Supp. 2d 897, 903 (N.D. Ill. 2013) (awarding over $213,000 in fees based on rates of $285-$500 per hour for Chicago attorneys); *Torres v. Gristede's Operating Corp.*, No. 04-03316,

2012 WL 3878144, at *3 (S.D.N.Y. Aug. 6, 2012) (noting that "rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time").

Likewise, the reduced hourly rates of FaegreBD attorneys sought by this petition are comparable to the rates awarded to Minneapolis and Saint Paul attorneys. *See, e.g.*, *Rosen v. Wentworth*, 13 F. Supp. 3d 944, 951 (D. Minn. 2014) (awarding nearly $128,000 in fees based, in part, on rate of $450 per hour for attorney with over 20 years' experience); *Rasmusson v. City of Bloomington, Minn.*, No. 12-00632, 2013 WL 3353931, at *2-3 (D. Minn. July 3, 2013) (awarding over $130,000 in fees based, in part, on rate of $350 per hour for attorney with 15 years' experience); *Madison v. Willis*, No. 09-00930, 2011 WL 851479, at *1 (D. Minn. Mar. 9, 2011) (awarding nearly $275,500 in fees and costs based, in part, on rate of $600 per hour for attorney with 35 years' experience); *King v. Turner*, No. 05-00388, 2007 WL 1219308, at *2 (D. Minn. Apr. 24, 2007) (awarding over $307,000 in fees based, in part, on rate of $500 per hour for attorney with 30 years' experience).

US.59807200.05

Plaintiffs seek the following hourly rates:

| Organization | Name | Rate |
|---|---|---|
| Lambda Legal | Camilla Taylor | $350 |
| | Karen Loewy | $325 |
| | Kyle Palazzolo | $300 |
| FaegreBD | Michael Ponto | $395 |
| | Christopher Dolan | $350 |
| | Emily Chow | $300 |
| | Christiana Martenson | $265 |
| | Bradley Engelsma | $265 |
| | Rory Collins | $155 |
| | Patrick Lucke | $155 |

### 3.   Plaintiffs are entitled to $123,047.50 in attorneys' fees

Multiplying the time worked by each attorney by each attorney's requested hourly

rate results in a fee award of $123,047.50 as follows:

| Organization | Name | Hours | Rate | Amount |
|---|---|---|---|---|
| Lambda Legal | Camilla Taylor | 88.3 | $350 | $30,905.00 |
| | Karen Loewy | 78.5 | $325 | $25,512.50 |
| | Kyle Palazzolo | 107.9 | $300 | $32,370.00 |
| | Subtotal | 274.7 | | $88,787.50 |
| FaegreBD | Michael Ponto | 18.1 | $395 | $7,149.50 |
| | Christopher Dolan | 28.0 | $350 | $9,800.00 |
| | Emily Chow | 47.2 | $300 | $14,160.00 |
| | Christiana Martenson | 4.2 | $265 | $1,113.00 |
| | Bradley Engelsma | 2.6 | $265 | $689.00 |
| | Rory Collins | 4.8 | $155 | $744.00 |
| | Patrick Lucke | 3.9 | $155 | $604.50 |
| | Subtotal | 108.8 | | $34,260.00 |
| | TOTAL | 383.5 | | $123,047.50 |

US.59807200.05

### C.     Plaintiffs Are Entitled to the Out-of-Pocket Expenses and Costs Incurred in Bringing This Action

Finally, Plaintiffs are entitled to recover their expenses and costs. Reasonable out-of-pocket expenses of the type normally billed to a client are included in a § 1988 attorneys' fee award. *See W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 87 n.3 (1991); *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996). In addition, under 29 U.S.C. § 1920, taxable costs include fees of the clerk and marshal, including filing and service fees; and costs of necessary transcripts, printing, and copying.

Here, the invoice attached to the Declaration of Camilla Taylor details the expenses and costs incurred by Plaintiffs. The total amount requested is $1,551.11. (*See* Taylor Decl. ¶ 11 & Ex. 2.)

## CONCLUSION

For the foregoing reasons, this Court should award Plaintiffs attorneys' fees, expenses, and costs in the amount of $124,598.61.

US.59807200.05

DATED: September 4, 2015

Respectfully submitted,

/s/ Michael A. Ponto

John P. Borger
Michael A. Ponto*
Christopher H. Dolan*
Emily E. Chow*
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota 55402-3901
T: (612) 766-8012 | F: (612) 766-1600
john.borger@faegrebd.com
michael.ponto@faegrebd.com
chris.dolan@faegrebd.com
emily.chow@faegrebd.com

Camilla B. Taylor*
Kyle A. Palazzolo*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
105 West Adams, Suite 2600
Chicago, IL 60603-6208
T: (312) 663-4413 | F: (312) 663-4307
ctaylor@lambdalegal.org
kpalazzolo@lambdalegal.org

Kenneth D. Upton, Jr.*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219-6722
T: (214) 219-8585 | F: (214) 219-4455
kupton@lambdalegal.org

Karen L. Loewy*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005-3919
T: (212) 809-8585 | F: (212) 809-0055
kloewy@lambdalegal.org
ATTORNEYS FOR PLAINTIFFS

* Admitted *pro hac vice*

US.59807200.05